IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOSE M. CANDELARIO,

    Petitioner,

vs. : CIVIL ACTION NO.: CV207-033

JOSE VASQUEZ, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jose M. Candelario ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). Respondent filed a Motion to Dismiss (Doc. No. 7), and Petitioner has filed a Response (Doc. No. 9). For the following reasons, the petition for writ of habeas corpus should be **DENIED**.

## STATEMENT OF THE CASE

Petitioner is currently serving a 360-month sentence after his conviction for conspiracy to traffic four kilograms of a mixture containing crack cocaine and possession with intent to distribute nine ounces of crack cocaine. Petitioner contends that his Presentence Investigation Report ("PSI") maintained by the BOP contains "false and inaccurate information . . . which cause[d] the BOP to miscalculate Petitioner's projected release date and score his security level higher." (Doc. No. 1, p. 1). Petitioner specifically objects to the drug quantity which was listed in the PSI, resulting in his being sentenced at base offense level 42, and the trial court's application of a four

level leadership enhancement. (Id. at 2-3). Petitioner contends that the provisions in question were fabricated and that because he was not charged with or convicted of the drug quantity, his sentence is unlawful and should be reduced. Respondent contends that the petition must be dismissed as a successive § 2255 motion and because Petitioner has not shown that he is entitled to use § 2255's "savings clause" to proceed under § 2241.

Petitioner was convicted and sentenced to serve concurrent life sentences in April 1994. United States v. Candelario, 240 F.3d 1300, 1303 (11th Cir. 2001). Petitioner appealed both his sentences and convictions, but the appeal was dismissed for lack of prosecution. Id. Petitioner then filed an action pursuant to § 2255 in the Southern District of Alabama on May 17, 1999. Id. That court granted Petitioner leave to prosecute an out-of-time appeal, and also applied a retroactive sentencing law to reduce his sentence to concurrent terms of 360 months. Id. Petitioner filed another § 2255 motion in the SDAL on September 6, 2002, which was denied. (Case Number 1:93cr190, Doc. No. 516, 517, 525). Petitioner filed another § 2255 motion on February 18, 2005, and the SDAL denied his motion as successive. (Case Number 1:93cr190, Doc. No. 555, 558). On July 17, 2006, Petitioner filed a motion for mandamus to correct an inaccurate record, which the SDAL construed as "a second or successive motion to reduce or vacate sentence pursuant to 28 U.S.C. § 2255" and denied. (Case Number 1:93cr190, Doc. No. 583, 584). On November 6, 2006, Petitioner filed a Rule 60(b) motion in the SDAL, which was likewise denied. (Case Number 1:93cr190, Doc. No. 588, 589). On March 2, 2007, Petitioner filed the instant action in this Court.

## DISCUSSION AND CITATION OF AUTHORITY

Petitioner's allegations clearly attack the legality of his sentence imposed by the Southern District of Alabama. Ordinarily, a collateral attack of a federal conviction and sentence is filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a § 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). The so-called "savings clause" of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis added). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Courts that have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (finding § 2255 remedy inadequate when

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (finding § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (finding § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (finding § 2255 remedy ineffective where sentencing court was abolished). None of these circumstances exist in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244. Thus, Petitioner must present evidence that his claims are based upon a retroactively applicable Supreme Court decision that establishes that he was convicted for a nonexistent offense, and that circuit law foreclosed his claim from being brought at the time that it otherwise should have been raised. Petitioner has failed to satisfy this burden, as he presents no claim that he was convicted of a crime which a retroactively applicable Supreme Court decision has rendered nonexistent.

Although Petitioner alleges that his sentence is illegal, ostensibly based on United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), the Supreme Court has not made these decisions retroactively applicable to cases on collateral review. Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005). Petitioner's conviction became final prior to both the Booker (January 12, 2005) and the Blakely (June 24, 2004) Supreme Court decisions. Thus, Petitioner does not allege that his conviction and sentence should be vacated or amended based on a retroactively applicable decision of the Supreme Court, nor does he allege that the law of this circuit prevented his claims at a previous time. Accordingly, Petitioner has not satisfied the requirements of the § 2255 savings clause.

Petitioner has failed to establish that § 2255 is an inadequate or ineffective remedy so as to avail himself of § 2255's savings clause. Petitioner cannot simply circumvent the procedural requirements of § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Prior to filing the instant action, Petitioner filed at least four § 2255 motions in the Southern District of Alabama.[2] Before Petitioner can file a successive § 2255 motion in a district court, 28 U.S.C.A. § 2244(3)(a) requires that he move the Eleventh Circuit Court of Appeals for an order authorizing the district court to hear the petition. Because he has not done so, this Court is without jurisdiction to entertain the petition.

---

[2] Because his first § 2255 motion filed in the Southern District of Alabama served to reinstate his appeal, it is not counted for purposes of determining whether later motions are successive. McIver v. United States, 307 F.3d 1327, 1330 (11th Cir. 2002).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 7) be **GRANTED**, and that the Petition for Writ of Habeas Corpus be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 31st day of July, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE