FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 DEC -7  AM 10: 26

CLERK _____
SO. DIST. OF GA.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

JOSE M. CANDELARIO,            :

    Petitioner,            :

                 :

    vs.            :            CIVIL ACTION NO.: CV207-033

JOSE VASQUEZ, Warden,            :

    Respondent.            :

# O R D E R

After an independent review of the record, the Court concurs with the recommendation of the Magistrate Judge that Petitioner Jose M. Candelario's petition for writ of habeas corpus be dismissed. Petitioner has filed Objections to the Report and Recommendation, wherein he contends that the Magistrate Judge erred in determining that the contentions set forth in his 28 U.S.C. § 2241 petition challenge the validity of his sentence and thus must be brought, pursuant to 28 U.S.C. § 2255, in the district of his conviction. Petitioner asserts that he actually challenges the execution of his sentence by the Bureau of Prisons, and that this Court has jurisdiction to hear his claim pursuant to § 2241.

Petitioner's attempt to construe his claim as a challenge to the execution of his sentence must fail. His principal contention is that his Presentence Investigation Report, utilized by the sentencing court in determining his sentence, contains inaccurate information relating to drug quantity and leadership with which he was not charged or convicted. Petitioner asserts that the continuing presence of the information in the

report "cause[s] the BOP to miscalculate Petitioner's projected release date and score his security level higher." (Doc. No. 1, p. 1). What Petitioner seeks, ultimately, is an alteration of his sentence, or at least an alteration of a document of the sentencing court that can only be changed by the sentencing court itself. Having failed to convince the sentencing court to alter the PSI and his release date, he now attempts to present the same claim as a challenge to the execution of his sentence in order to circumvent the procedural requirements of § 2255. However, the substance of Petitioner's claim actually challenges the validity of his sentence, not its execution. This sort of claim is not cognizable under § 2241, but instead should be filed under § 2255 in the court of conviction. See Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. Unit A 1981). Because Petitioner has previously filed § 2255 motions and was denied relief, he must have authorization from the appropriate Court of Appeals to file a successive motion. 28 U.S.C.A. § 2244(b)(3)(a). This Court is without jurisdiction to entertain the petition; therefore, it is hereby **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

   **SO ORDERED**, this ___7___<sup>th</sup> day of ___December___, 2007.


                              _____
                              JUDGE, UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF GEORGIA